IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DESMOND LACKEY                                                                                    PLAINTIFF

v.                                        CIVIL NO. 5:24-05002-TLB

FRANK BISIGNANO, Commissioner
Social Security Administration[1]                                                            DEFENDANT

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff, Desmond Lackey, appealed the Commissioner's denial of benefits to this Court on January 8, 2024. On June 3, 2024, U.S. District Judge Timothy L. Brooks, adopted the undersigned's Report and Recommendation, granted the Motion to Remand, and issued Judgment reversing and remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 16-19). Following remand, Plaintiff was determined to be disabled as of June 27, 2019, and awarded benefits. (ECF No. 25-4).

**1.    Background**

On January 30, 2026, Plaintiff filed a Motion for an Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b), seeking an award of twenty-five percent of Plaintiff's past-due benefits or $20,847.00. (ECF No. 25). In a response filed on February 2, 2026, the Commissioner advises he "has no objection to counsel's request for attorney's fees in the amount of $20,847.00 under 42 U.S.C.§ 406(b)." (ECF No. 27, p. 1). Plaintiff's motion was referred to the undersigned for issuance of a Report and Recommendation.

---

[1] Frank Bisignano has been appointed to serve as Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

**2.     Applicable Law**

Federal law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court. *See* 42 U.S.C. §§ 406(a)-(b). Section 406(a) governs fees for representation in administrative proceedings and Section 406(b) controls fees for representation in court. *Culbertson v. Berryhill,* 586 U.S. 53, 55 (2019), citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).

Successful claimants may seek fees from the court under both 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), and 42 U.S.C. § 406(b). Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment, a reasonable attorney fee for the representation of the claimant before the court. This fee must not exceed twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the claimant's past-due disability insurance benefits.[2] *Id.; see also Iames v. Saul,* 2021 WL 2364455 (W.D. Ark. June 9, 2021). While fee awards may be made under both § 406(b) and EAJA, the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat 186).

A court is not authorized to approve a fee for time spent on the representation of the claimant at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency. *See Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the

---

[2] A court, however, is not authorized to award attorney's fees out of claimant's past-due supplemental security income benefits. *Id.; see also Bowen v. Galbreath,* 485 U.S. 74, 87 (1988) (holding that a court is not authorized to award past-due supplemental security income benefits as attorney's fees under Section 406(b)).

administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts."). Instead, a claimant's attorney must petition the agency for award of these fees. *See* 42 U.S.C. § 406(a).

In determining the fee, the Supreme Court has made clear that Section 406(b) instructs courts to use attorney-client contingency fee agreements when determining the fees to be awarded. *See Gisbrecht v. Barnhart*, 535 U.S. at 793. This consideration should not serve to "override customary attorney-client contingency-fee agreements." *Id.* at 808. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. Where a contingency agreement is within the boundary set by statute – capped at 25% of the past-due benefits awarded – the Court must determine whether the fees sought are reasonable before awarding fees under Section 406(b). *Id.* The Supreme Court's guidance includes consideration of the character of the representation, the results the representation achieved, whether any delays were caused because of the representation, the actual amount of time spent achieving success, and counsel's normal hourly rate. *Id.* at 808-809.

3.  **Discussion**

Plaintiff's legal team spent 25.3 hours devoted to representing Plaintiff before this Court and for that work, Plaintiff was awarded fees of $5,975.60. (ECF No. 24). Pursuant to the contingency fee agreement (ECF No. 25-5), Plaintiff's counsel contracted with Plaintiff for a fee equal to twenty-five percent of past-due benefits. *Id.* Counsel's request for $20,847 – when divided by the 25.3 hours of work performed before this Court – equates to an hourly rate of approximately $823.99. This rate is comparable to rates approved by the Western District and other courts within the Eighth Circuit. *See, e.g., Bane v. Commissioner*, 2025 WL 623640 (E.D. Ark. Feb. 26, 2025) (awarding fees of $58,429.48); *McGill v. Commissioner*, 2024 WL 4393582,

\* 1 (W.D. Ark. Oct. 3, 2024) (awarding a fee equivalent to $977 per hour); *Camoza v. O'Malley,* 2024 WL 1915827 (W.D. Ark. April 26, 2024) (awarding fee equivalent to $657.19 per hour); *Porterfield v. Kijakazi,* 2023 WL 5722612, at *5-6 (E.D. Mo. Sept. 5, 2023) (awarding a fee equivalent to an hourly rate of $2,016.27); *Bridges v. Saul,* 2021 WL 76739 (W.D. Ark. Jan. 8, 2021) (awarding fees with effective rate of $860.01 per hour; $17,372.40/20.2 hours); *Smith v. Astrue,* 2008 WL 2609443 (D. Minn. June 24, 2008) (approving attorney's fees in the amount of $30,066.50). These decisions reflect an earlier observation of U.S. District Judge Brian Miller in *Lowery v. Colvin*, 2016 WL 4500507 (E.D. Ark. Aug. 26, 2016) to the effect that Section 406(b) "cases run the gamut of recovery amounts." *Id.*

Plaintiff contracted to pay his attorney twenty-five percent of any past-due benefits owing, and nothing in the record suggests there was any overreaching by counsel when making the fee agreement. Had counsel been unsuccessful in obtaining benefits for her client, counsel would not be entitled to any fee award; it goes without saying that counsel representing claimants via contingency agreements are exposed to a substantial risk of loss. *See Wyles v. Astrue,* 2009 WL 4730686, *3 (E.D. Ark. Dec. 3, 2009) (Social Security fee awards should be substantial enough to encourage attorneys to accept risk of nonpayment). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award, from which § 406(b) fees are deducted. *Id.*

Benefits recovered for Plaintiff are substantial, not in just past-due benefits (extrapolated to $83,301) (ECF No. 25-4) but in benefits Plaintiff will continue to receive in the future ($1,575 monthly beginning May 2025 plus Medicare). *Id*. Counsel's fee request is reasonable considering the contingency agreement. The undersigned acknowledges Plaintiff's counsel's history of representing social security claimants and her favorable reputation in the legal community.

Counsel is not only competent but there is no evidence in the record of any impropriety or delay attributable to counsel. Defendant had an opportunity to oppose the Motion, and argue for a reduction, but did not. Examination of the totality of the circumstances does not suggest or imply that an award of the requested fee would represent a windfall to counsel.

For these reasons, the undersigned recommends that Plaintiff's Motion for Fees pursuant to 42 U.S.C. §406(b) (ECF No. 25) be **GRANTED,** and the Court award Plaintiff's counsel a contingency fee award of $20,847.00 to be paid from Plaintiff's past-due benefits. In the event Plaintiff's Motion is granted, **the Order should direct Plaintiff to return to Plaintiff the EAJA fee of $5,975.60.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** this 2nd day of February 2026.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE